## RHOLETTER v. FLOR.

On the allegations and the evidence the rulings of the court and the
. direction of the verdict were not erroneous.

NO. 5836. FEBRUARY 28, 1928.

Equitable petition. Before Judge J. B. Jones. Habersham superior court. December 21, 1926.

*Thad. L. Bynum* and *J. J. & Sam. Kimzey,* for plaintiff.

*McMillan & Erwin* and *A. C. Wheeler,* for defendant.

PER CURIAM. Mrs. Frances Rholetter brought suit against Edward Flor, seeking an injunction against maintaining a concrete dam across the channel of a creek, and to recover for damage to crops and loss by reason of filling the bed of the creek, due to the dam. She alleged that damage to crops yearly was a continuing nuisance, and that she was entitled to special damages by reason of the continuing trespass upon her property rights. The defendant denied all liability, and pleaded that the dam was erected about 35 years ago by the corporation that established the City of Demorest; that immediately after its erection the dam was dedicated to the public use as a public street and public bridge, and had been in constant use as such ever since; that the dam was a part of a street that led to and from the post-office and business section of said city, to the railroad-depot and a portion of the residential section and manufacturing section. Also, that the title of plaintiff was obtained from H. D. Ayers Jr., who conveyed to the Demorest Home Mining & Improvement Company the land on which the dam was situated, releasing said company, for a valuable consideration, "from all damages on account of the construction and maintenance of said dam;" that this conveyance was made and recorded prior to the conveyance by Ayers of the land claimed by plaintiff, and that said dedication to the public use was about the year 1891. Plaintiff objected to the allowance of defendant's amendment setting up dedication as a defense, and to the introduction of the deed from Ayers to said company. The objections were overruled. The plaintiff introduced evidence tending to prove loss and damage to crops on her land overflowed by water and the filling in of the bed of the creek because of the dam. She proved by the surveyor who laid out the City of Demorest in 1891, that said Demorest Company built the dam at that time, and that

Waters, 40 Cyc. p. 694, n. 29.

"from the time that the dam was completed it was used as a street by the public, . . and has been so used ever since. It is the only available way from the Town of Demorest to the depot on that side of the town;" it was a stone dam "and is a permanent structure," cost about $10,000 at that time, was about 24 feet high and 12 to 15 feet wide, and 300 feet long; "from the time I first remember the Rholetter property now in dispute, not all of it has been tendable. A great deal of it was under water before the dam was ever built. There was a dam at the old mill and he taken that down purpose to dry this good land. That dried it out, and it was pretty good land at one time. That was after the Demorest dam was built. The land was good since the Demorest dam was built. At the time the Demorest dam was built D. Ayers owned that property—this Rholetter property. There was an old spillway on the top of the dam, and they changed that and put in a concrete spillway. I don't think that they put it any higher. It may have been a little bit higher." This witness swore that the dam was erected before the deed was made from Ayers to the Demorest Company. Other evidence introduced by plaintiff tended to show that much of the dirt that went into the creek bed was washed by a freshet from a fill made by the railroad.

1. Manifestly the court did not err in refusing to grant a new trial in so far as the verdict of the jury denied the injunction against maintaining the concrete dam.

2. The court did not err in allowing the defendant to amend his plea by setting up that the dam had been dedicated to the public, and had been accordingly accepted and used continuously as a street and bridge for about 30 years—many years before plaintiff acquired her land.

3. The court did not err in admitting in evidence the deed made by H. D. Ayers Jr., to the Demorest Home Mining & Improvement Company, reciting that the grantor released the grantee from "all damages sustained by brick-yard work and excavations, and from cattle on crops of last year, and also from all set-back water from the lake at the present height of dam."

4. The court did not err in directing a verdict for the defendant.                    *Judgment affirmed. All the Justices concur.*